Number 181331, Pullman Arms, Incorporated, et al. v. Mahler T. Healey Thank you Thank you Thanks Okay Good morning, Your Honors. May it please the Court, Assistant Attorney General Julie Kovett for the Attorney General, if I could reserve two minutes in rebuttal. You may The Eleventh Amendment bars federal courts from ordering equitable relief against state officials on the basis of state law. Yet that's precisely the form of relief that the plaintiffs seek in paragraphs 79 and 94 of their amended complaint and in paragraph 3 of their request for relief. The District Court erred in refusing to dismiss those claims as it was required to do by the Pennhurst decision. So what relief do you seek from us? We seek, one, a decision confirming that this Court has appellate jurisdiction, and two, an order reversing and remanding the District Court's order to the extent it refused to dismiss the state law claims on the basis of Eleventh Amendment. You're not suggesting that we decide the Pennhurst question ab initio with no decision from the District Court. You're suggesting that we remand for the District Court to decide the question which you contend the District Court avoided by its interpretation that what you deemed to be state law claims were really nothing more than federal due process claims. With respect to that, I am asking this Court to decide the Eleventh Amendment issue. But we don't do that as a general rule. We don't usually make the first substantive decision on an issue. Why should we do it here? Well, two points, Your Honor. So first, it's a de novo standard of review, and the issue is fully briefed before the District Court. We still don't usually decide things. This is a court of review. What's the reason for it? A great way for District judges, I suppose, to have us do their work. I think the issues are so intertwined that it would be difficult for this Court to not address the Eleventh Amendment issue, and let me unpack that. The District Court's order encompasses all rulings of law that the District Court made, and as I read that order, the reason why he rejected the Eleventh Amendment immunity defense was because he misconstrued paragraphs 79 and 94 as federal due process claims instead of state law claims. And you can't raise that on interlocutory appeal. Because if you could, then what you're effectively doing is challenging his conclusion that there was a federal claim brought for which you don't have Eleventh Amendment immunity. I agree, we don't have Eleventh Amendment immunity. Okay, so then all that you can be challenging is his failure to be expressed in dismissing any state law claims that remain, right? I agree with that, and I think it's clear. I think my puzzle on that, the other side tells us in their brief, there are no state law claims left. So as for that issue, they've abandoned the claims. They can't go back, having represented to us that they're not bringing any state law claims, they can't go back into District Court and say that there are. So what's left of the case? You've got everything you wanted. As I read their brief, they're not entirely clear on stipulating to dismiss all of the state law claims. And if Mr. Kerrigan wants to stand up in this court and say, Your Honors, we will not make any argument that the Attorney General exceeded her authority under state law, then that would be sufficient for our purposes. Well, whether he says that or not, if he says to us there are no state law claims left, then under law of the case, he can't come back to District Court. Whether he tells us what he's going to do or not, he's still going to be bound and we can make that clear in the opinion. That gives you everything you want, right? Right, but I think it's important that there is some confusion in the District Court about the nature of these different claims. And if I can just explain why these claims are very different. On interlocutory appeal, what concerns me is that you might be suggesting that what we should do is say he erred in concluding that there was a due process claim based on those state law claims. Are you asking us to say that? I think the opinion isn't clear in this respect. Are you asking us to say that? I'll say two things, Your Honor. I think to the extent this Court reads this decision to construe paragraph 79 and 94 as procedural due process claims instead of state law claims, then that was error. Are you asking us to say that was error? I would be satisfied if this Court were to say paragraph 79 and 94 clearly assert state law claims and it was error to refuse to dismiss those under the 11th Amendment, even if a procedural due process claim could somehow have been found in other paragraphs of the complaint. But then I think what you're doing on interlocutory appeal is you're trying to get review of his construction of the complaint. And I don't see how you have any basis. You have a right under interlocutory review to have a decision on whether there was 11th Amendment immunity. You don't have a right to get review at this point of how he construed the complaint to find a federal claim. So respectfully, I think we do, Your Honor, that what Puerto Rico Aqueduct held was any district court order denying a claim by a state or state entity to 11th Amendment immunity may be appealed immediately. And here we have a district court order. And then Puerto Rico Aqueduct as well as Galarza and Lopez go on to say that jurisdiction includes any rulings of law that bear on the 11th Amendment immunity defense as well as factual determinations. We don't have factual determinations in this appeal. It's just issues of law. And I think the only issue of law for this Court is has the plaintiffs, have they asserted state law claims against the Attorney General?  And I think if you look at paragraphs 79 and 94, the conclusion is inescapable. It's not as they represent to us that they're not bringing them. Following the district court's judgment concluding that they brought a federal claim. Yes, but I respectfully request that the Court make clear that a federal procedural due process claim is distinct from a state law claim alleging that the Attorney General exceeded her authority. The elements of a procedural due process claim... Why do we have to make anything clear? If your adversaries are willing to concede that they are not asserting state law claims, why can't we simply dismiss the appeal with an order commemorating that representation? That there are no state law claims being pressed by the appellee. I think that would be sufficient. It's just as I read the district court's decision and reasoning, there was a conflation of the state law claims and the procedural due process claims. The point of that is that you cannot get us to review an interlocutory appeal. Even if he's totally wrong. Even if there was a complete conflation. That gets worked out after. Because that's just an error of law on the merits, not relevant to the 11th Amendment immunity. The 11th Amendment immunity issue is as to state law claims. If the party opposing you represents there are none, then with respect to the 11th Amendment issue, you got everything you wanted. I think it turns again on whether the court construes, how the court reads the district court's opinion. But I think it's indisputable that at least paragraph 79 and 94 do assert state law claims. And that the plaintiff maintained throughout the district court proceedings that they had asserted state law claims. That's plain from the opposition to the motion dismissed, page 2, page 22. And then in this court as well, I think there's a lengthy argument about how the Attorney General exceeded her authority under state law. So at least in this court, it's not clear to me that the plaintiffs have conceded there are no state law claims. If Mr. Kerrigan stands up and says, we abandon that argument, we won't pursue it in the district court, then I would be satisfied. But if he's not willing to concede that he won't argue that the Attorney General exceeded her authority under state law in the district court, then I think it is within this court's jurisdiction to review the entire order of the district court with respect to the 11th Amendment immunity defense. And part of the legal rulings are, are there state law claims in this complaint? And there are. I'd like to just briefly address, to the extent Mr. Kerrigan doesn't make that stipulation today, if he intends to pursue the state law claims, Pennhurst didn't adopt an ultravirus exception to its holding. This court hasn't either. But I don't think this court needs to reach that issue in this appeal. Because if there's any ultravirus exception, it only applies when the state official has acted without any authority, whatever. And the plaintiffs have not come close to meeting that standard in this case. At most, they allege that the Attorney General misinterpreted the phrase copies or duplicates in the assault weapons ban. But Pennhurst is clear that when an official is acting within the scope of her delegated responsibilities as the Attorney General was here, an error of law in interpreting the statute can't be a basis for invoking an ultravirus defense to 11th Amendment immunity. And the plaintiffs don't meaningfully contest that the Attorney General acted within the scope of her powers here. That as the Chief Law Enforcement Officer for the Commonwealth, she's entitled to interpret criminal laws that she's charged with enforcing and to notify the public and other law enforcement officials about her interpretation of those statutes. And she has broad authority, I think the Kozlowski case is most on point, to act in the public interest unless there's a legislative restriction to the contrary. And the plaintiffs have not identified any legislative restriction that would prevent her from issuing the enforcement notice. And I just point out that this is a power that the Attorney General has historically exercised for centuries. I provided a couple examples in the briefs. Other state attorneys general do this as a matter of course. The Maryland Attorney General issued a comparable enforcement notice interpreting Maryland's assault weapons ban. So to the extent this court is going to reach the merits of the 11th Amendment immunity defense, I don't think any ultravirus exception could apply in this case. So in conclusion, I just ask that this court confirm that it has appellate jurisdiction and depending on what Mr. Kerrigan states, reverse and remand the district court's order with respect to paragraphs 79 and 94. Did you reserve two minutes? I did. Okay. Thank you. So there's one really key question. As I see it, Your Honor, there are two claims remaining after the order. One, there's the vagueness claim that's alive and well, that it violates due process. And two, there is a federal due process claim relating to the property interest. Just one more sentence you need to add to that and we'd be clear about everything. I agree to that. So there's no state law claim? There is no state law claim. We could not, when we go back and actually litigate this in district court, prevail on a theory that here's the law, here's the notice. It redefines the law. It exceeds your authority. We can't do that. We'll have to show that they have a license appropriation. You don't have to justify why you have concluded there is no state law claim. We're happy to accept your conclusion. So you would have no objection if we were to dismiss this appeal, no cost to either party, based on a stipulation which would be binding for purposes of this litigation, that the plaintiffs are not pressing any state law claims in this action. Correct. Period. Correct. Great. Here we go. You have 13 and a half minutes left. That's two minutes of rebuttal time. Can I just say this? It's the first time I've brought my daughter to court. She's here, and she's going to say, this was easy, Dad. Thank you very much. Young lady, consider medical school. It takes longer, though. Actually, just for our purposes, you stay here. You have two minutes, but I would like just to, having now heard that, I take it you're now satisfied. I'm satisfied, yes, as long as the plaintiffs don't then argue the Attorney General exceeded her authority as a part of a federal due process claim. That's for the district court. We'll put the representation on record. Yes, I agree. The district court will make certain the representation is lived up to. I agree with that. If I heard you right, you slipped in a key extra sentence, and I want to be clear about what I understand is happening here. Sure. You said as long as they don't make an argument about a state law violation being the basis for a federal due process claim. That is not what he just represented, nor what I understand to be what he needs to represent to move the 11th Amendment. Yes, I agree, Your Honor. That's not what I was arguing. I think the stipulation is sufficient. Okay, thank you. Thank you.